# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

FLORIDA RETAIL FEDERATION, INC., et al,

    Plaintiffs,

v.                                    CASE NO.  4:08cv179-RH/WCS

ATTORNEY GENERAL OF FLORIDA,

    Defendant.

_____/

## ORDER REQUIRING ATTORNEYS TO CONFER ON ADMISSIBILITY OF AFFIDAVITS AND DENYING MOTION TO COMPEL DEPOSITIONS

      This matter is set for preliminary injunction hearing on Monday, June 23, 2008, at 11:30 a.m.  The defendant National Rifle Association has filed an emergency motion asserting that the plaintiffs plan to call four expert witnesses and seeking to compel the plaintiffs to make the witnesses available for deposition prior to the hearing.  The parties' joint scheduling report says that the plaintiffs may call four witnesses and the NRA may call three.

      This number of witnesses raises a scheduling issue unrelated to any proposed depositions.  The hearing will be conducted over the lunch break of an unrelated trial.  The available time is an hour but could be expanded to two.  If the

hearing is not completed within two hours, it will continue as soon as possible consistently with the other matters already on the court's calendar that cannot be moved. The available times may include after 5:00 on June 23; during a lunch break (if any) on June 24; at the conclusion of the unrelated trial (expected to be late in the day on June 24); after 2:30 on June 25; and after 5:00 on June 26.

The joint scheduling report does not indicate whether the attorneys conferred on the admissibility of affidavits as required by the Order Setting Preliminary Injunction Procedures. It is an extraordinary cross-examiner who can cause an expert to change his or her opinion. And it is less than an ordinary attorney who cannot point out in argument — without cross-examination — the limitations and biases inherent in an opposing expert's affidavit on matters like those involved here. The attorneys should consider again whether live witnesses, as contrasted with affidavits, are worth the investment. But the joint scheduling report's estimate that each side may offer direct testimony of about an hour is not excessive, and a party will be allowed to do so if it chooses.

Finally, there is no right to nor need for depositions prior to the preliminary injunction hearing. The plaintiffs will not be compelled to make their experts available.

For these reasons,

IT IS ORDERED:

1.  The attorneys must confer by 5:00 p.m. today (June 20, 2008) on the admissibility of affidavits.

2.  The defendant National Rifle Association's emergency motion to compel (document 33) is DENIED.

SO ORDERED on June 20, 2008.

s/Robert L. Hinkle  
Chief United States District Judge