# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

FLORIDA RETAIL FEDERATION, INC.,
et al,

      Plaintiffs,

v.                                            CASE NO.  4:08cv179-RH/WCS

ATTORNEY GENERAL OF FLORIDA, et al.,

      Defendants.

_____/

## INJUNCTION AND ORDER FOR ENTRY OF JUDGMENT

      This is a challenge to a Florida statute that requires some Florida businesses but not others to allow customers and some workers to have guns secured in their vehicles in the parking lot.  The plaintiffs' principal assertion is that the statute is unconstitutional (because, without sufficient justification, the statute compels property owners to make their property available for purposes they do not support) and violates the federal Occupational Safety and Health Act (because it endangers workers).  The plaintiffs also assert the statute is unconstitutional because it draws an irrational distinction between the businesses that are and are not required to allow guns in the parking lot.

The defendant Florida Attorney General asserts the state has constitutionally adequate grounds for compelling property owners to allow guns in vehicles in a parking lot.  The Attorney General offers no constitutionally sufficient explanation for the statute's distinction between the businesses that are and are not required to allow guns, but the Attorney General says the distinction is just an error in drafting—that the distinction disappears when the statute is properly construed to mean what the Legislature *intended* rather than what the Legislature *said*.  The intervening defendant National Rifle Association says the statute means what it says and is constitutional as so construed.

The plaintiffs moved for a preliminary injunction.  After full briefing, the submission of affidavits, and oral argument, I entered an extensive order granting the motion for preliminary injunction in part and requiring the plaintiffs to file an undertaking as security.  I based the ruling on these conclusions.  First, the state may compel a business to allow a gun to be secured in a vehicle in the parking lot.  Second, the statute is valid to the extent it compels a Florida business to allow a *worker*—if he or she has a permit to carry a concealed weapon—to secure a gun in a vehicle in a parking lot.  Third, the statute is unconstitutional to the extent it compels some businesses but not others—with no rational basis for the distinction—to allow a *customer* to secure a gun in a vehicle.  Fourth, the plaintiffs met the prerequisites to entry of a preliminary injunction barring enforcement of

Case 4:08-cv-00179-RH-WCS   Document 58   Filed 08/06/08   Page 3 of 5

Page 3 of 5

the unconstitutional portions of the statute.

I directed the attorneys to confer on (1) whether the merits should be consolidated with the preliminary injunction hearing and a final judgment rendered in accordance with the opinion supporting the preliminary injunction, and (2) if not, on the scheduling of further proceedings. The parties now have filed a joint motion for entry of a final judgment consistent with the preliminary injunction. The parties have agreed to bear their own costs and attorney's fees.

The joint motion constitutes the parties' agreement that further proceedings in this court are unnecessary. The joint motion does not, however, constitute an acquiescence in the result. To the contrary, each party has preserved its right to appeal.

I conclude that final judgment now should be entered. This is, in effect, a consolidation of the merits with the preliminary injunction hearing, as expressly authorized by Federal Rule of Civil Procedure 65. *See also* Fed. R. Civ. P. 1 (indicating that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action"). Each party has waived any procedural objection to entry of judgment in this manner.

The attorneys should be commended for their professionalism. Despite deep disagreements on the merits, they cooperated throughout the litigation on procedural matters, to the benefit of all sides. The lawsuit remained pending in this

court for less than four months.

For the reasons set forth in this order and in the opinion accompanying the preliminary injunction,

IT IS ORDERED:

1.  The joint motion (document 57) to convert the preliminary injunction (document 56) into a final judgment is GRANTED.

2.  The defendant Attorney General is hereby permanently enjoined from enforcing those portions of § 790.251, Florida Statutes, as enacted in 2008, that address an employer's treatment of customers or invitees.  This injunction does not affect the Attorney General's enforcement of those portions of § 790.251 that address an employer's treatment of an "employee" as defined in the statute—that is, a worker who has a valid Florida permit to carry a concealed weapon.  This injunction is binding on the Attorney General and his officers, agents, servants, employees, and attorneys, and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

3.  The clerk must enter judgment stating:

> The defendant Attorney General is hereby permanently enjoined from enforcing those portions of § 790.251, Florida Statutes, as enacted in 2008, that address an employer's treatment of customers or invitees.  This injunction does not affect the Attorney General's enforcement of those portions of § 790.251 that address an employer's treatment of an "employee" as defined in the statute—that is, a worker who has a valid Florida permit to carry a concealed weapon.  This

*Case No: 4:08cv179-RH/WCS*

injunction is binding on the Attorney General and his officers, agents, servants, employees, and attorneys, and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.  All other claims in this action are dismissed with prejudice.  Each party must bear its own costs and attorney's fees.

4.  The requirement set forth in the preliminary injunction for plaintiffs to file an unsecured undertaking to pay such costs and damages as may be incurred or suffered by any party found to have been wrongfully enjoined is hereby abrogated and of no further force or effect.

5.  The clerk must close the file.

SO ORDERED on August 6, 2008.

s/Robert L. Hinkle<br>Chief United States District Judge